BENJAMIN P. LECHMAN
California State Bar Number 185729
964 Fifth Ave. #303
San Diego, California  92101-5008
Telephone:  (619) 699-5935

Attorney for Defendant Alexander Weir V (defendant #10)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE M. JAMES LORENZ)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR0256-MJL |
| | ) | |
| Plaintiff, | ) | DATE:   March 10, 2008 |
| | ) | TIME:    2:00  p.m. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| ALEXANDER WEIR V, | ) | (1)  COMPEL FURTHER DISCOVERY; and |
| | ) | (2)  LEAVE TO FILE FURTHER MOTIONS |
| Defendant. | ) | |
| | ) | |

TO:    KAREN HEWITT, UNITED STATES ATTORNEY, AND
         ANDREW SCHOPLER, ASSISTANT UNITED STATES ATTORNEY:

        **PLEASE TAKE NOTICE** that on March 10, 2008, at 2:00 p.m., or as soon thereafter as

counsel may be heard, the defendant, Alexander Weir V, by and through his attorney Benjamin P.

Lechman, will ask this Court to issue an order granting the motions listed below.

//

//

//

//

//

//

//

1

**MOTIONS**

2    The defendant, Mr. Weir V, by and through his attorney, Benjamin P. Lechman, asks this Court

3  pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other

4  applicable statutes and local rules for an order to:

5        1.      Compel further discovery; and

6        2.      Leave to file further motions.

7    These motions are based upon the instant motions and notice of motions, the attached statement

8  of facts and memorandum of points and authorities, the files and records in the above-captioned matter,

9  and any and all other materials that may come to this Court's attention prior to or during the hearing of

10  these motions.

11

12                                    Respectfully submitted,

13

14

15

16

17

                                     s/Benjamin P. Lechman
18  Dated: February 25, 2008          **BENJAMIN P. LECHMAN**
                                     Attorney for Defendant Weir V
19

20

21

22

23

24

25

26

27

28

1  BENJAMIN P. LECHMAN
   California State Bar Number 185729
2  964 Fifth Ave. #303
   San Diego, California  92101-5008
3  Telephone:  (619) 699-5935

4

5  Attorney for Defendant Weir V

6

7
                    UNITED STATES DISTRICT COURT
8
                  SOUTHERN DISTRICT OF CALIFORNIA
9
                  (HONORABLE M. JAMES LORENZ)
10
   UNITED STATES OF AMERICA,          )    CASE NO. 08CR0256-MJL
11                                     )
                        Plaintiff,     )    DATE:   March 10, 2008
12                                     )    TIME:   2:00 p.m.
   v.                                  )
13                                     )    STATEMENT OF FACTS AND POINTS
   ALEXANDER WEIR V,                   )    AND AUTHORITIES IN SUPPORT OF
14                                     )    DEFENDANT'S MOTIONS
                        Defendant.     )    _____
15 _____ )

16
                                  I.
17
                       STATEMENT OF FACTS
18
          Mr. Weir V is charged along with 12 co-defendants in an indictment with conspiracy to distribute
19
   and distribution of cocaine base. Many of the defendants are also charged with distributing
20
   methamphetamine (Mr. Weir V is not charged with the methamphetamine offenses).
21
          Because as yet only one CD-rom of discovery (containing wiretap applications and affidavits)
22
   has been produced, and it is early in the proceedings, Mr. Weir V, does not offer a detailed set of facts in
23
   addition to the indictment at this time. Thus, the facts alleged in these motions are subject to
24
   amplification and/or modification at the time these motions are heard.
25

26

27

28

1

## II.

2

## MOTION TO COMPEL DISCOVERY

3      Mr. Weir V moves for the production by the government of the following discovery.  This

4 request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed

5 below that is in the custody, control, care, or knowledge of any government agency.  See generally Kyles

6 v. Whitley, ___U.S.___, 115 S. Ct. 1555, 1567-68 (1995); United States v. Lacy, 896 F. Supp. 982 (N.D.

7 Cal. 1995) (prosecutor has duty to ascertain what exculpatory information may be possessed by other

8 agencies):

9      (1)  The Defendant's Statements  Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to

10 disclosure of all copies of any written or recorded statements made by the defendant; the substance of

11 any statements made by the defendant which the government intends to offer in evidence at trial; any

12 recorded testimony of the defendant before the grand jury; any response by the defendant to

13 interrogation; the substance of any oral statements which the government intends to introduce at trial,

14 and any written summaries of the defendant's oral statements contained in the handwritten notes of the

15 government agent; any response to any Miranda warnings which may have been given to the defendant

16 (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant

17 that are discoverable under Fed. R. Crim. P. 16(a)(1)(A);

18      (2)  Arrest Reports, Notes and Dispatch Tapes  The defendant also specifically requests that all

19 arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his

20 arrest or any questioning, if such reports have not already been produced in their entirety, be turned over

21 to him.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other

22 documents in which statements of the defendant or any other discoverable material is contained.  This is

23 all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  See

24 also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C.

25 Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d

26 911 (9th Cir. 1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes,

27 sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim.

28 P. 16(a)(1)(B) and ©, Fed. R. Crim. P. 26.2 and 12(i).  **Preservation of rough notes is requested,**

**whether or not the government deems them discoverable at this time**;

(3) <u>Brady Material</u> The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

(4) <u>Any Information That May result in a Lower Sentence Under The Guidelines</u> As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

(5) <u>The Defendant's Prior Record</u> Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Counsel specifically requests a complete copy of any criminal record;

(6) <u>Any Proposed 404(b) Evidence</u> Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)© and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(7) <u>Evidence Seized</u> Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)©;

(8) <u>Request for Preservation of Evidence</u>  The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

It is requested that the government be ordered to <u>question</u> all the agencies and individuals

1   involved in the prosecution and investigation of this case to determine if such evidence exists, and if it

2   does exist to inform those parties to preserve any such evidence;

3       (9) <u>Tangible Objects</u> The defendant requests, under Fed. R. Crim. P. 16(a)(2)(c) the opportunity

4   to inspect and copy as well as test, if necessary, all other documents and tangible objects, including

5   photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof

6   which are material to the defense or intended for use in  the government's case-in-chief or were obtained

7   from or belong to the defendant;

8       (10) <u>Evidence of Bias or Motive to Lie</u> The defendant requests any evidence that any prospective

9   government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his

10  or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197

11  (9th Cir. 1988);

12      (11) <u>Impeachment evidence</u> The defendant requests any evidence that any prospective

13  government witness has engaged in any criminal act whether or not resulting in a conviction and whether

14  any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such

15  evidence is discoverable under <u>Brady v. Maryland</u>, supra.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197

16  (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence

17  that detracts from a witness' credibility);

18      (12) <u>Evidence of Criminal Investigation of Any Government Witness</u> The defendant requests any

19  evidence that any prospective witness is under investigation by federal, state or local authorities for any

20  criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), <u>cert. denied</u>, 474 U.S. 945 (1985);

21      (13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  The

22  defense requests any evidence, including any medical or psychiatric report or evaluation, tending to

23  show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is

24  impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has

25  ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North</u>

26  <u>Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

27      (14) <u>Witness Addresses</u> The defendant requests the name and last known address of each

28  prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United</u>

1   States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is

2   ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk

3   to witnesses).  The defendant also requests the name and last known address of every witness to the

4   crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be

5   called as a government witness.  United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

6       (15) Name of Witnesses Favorable to the Defendant  The defendant requests the name of any

7   witness who made an arguably favorable statement concerning the defendant or who could not identify

8   him or who was unsure of his identity, or participation in the crime charged.  Jackson v. Wainwright,

9   390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v.

10  Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d

11  785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

12      (16) Statements Relevant to the Defense The defendant requests disclosure of any statement that

13  may be "relevant to any possible defense or contention" that he might assert.  United States v. Bailleaux,

14  685 F.2d 1105 (9th Cir. 1982);

15      (17) Jencks Act Material The defense requests all material to which Defendant is entitled

16  pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A

17  verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is

18  sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v. United States,

19  373 U.S. 487, 490-92 (1963);

20      (18) Giglio Information Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant

21  requests all statements and/or promises express or implied made to any government witnesses, in

22  exchange for their testimony in this case, and all other information which could arguably be used for the

23  impeachment of any government witnesses.

24

25  //

26  //

27  //

28  //

1

2

**III.**

3

**REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

4

At present, the government has provided very little discovery – only one CD-rom containing

5

wiretap applications and affidavits –  in this case.  Without the aid of additional information, defense

6

counsel cannot adequately prepare or file substantive motions.  Accordingly, Mr. Weir V respectfully

7

requests leave of this Court to file additional motions after discovery has been provided in this case.

8

9

**IV.**

10

**CONCLUSION**

11

For the foregoing reasons, it is respectfully requested that the Court grant the above motions.

12

13

Respectfully submitted,

14

15

16

17

18

Dated: February 25, 2008

s/Benjamin P. Lechman
**BENJAMIN P. LECHMAN**
Attorney for Defendant Weir V

19

20

21

22

23

24

25

26

27

28