|   |   |   |   |
|---|---|---|---|
| | | | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr0256-L |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF CRIMINAL |
| v. | ) | FORFEITURE |
| | ) | |
| ALEXANDER WEIR V (10), | ) | |
| aka "Lil' Brick," | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, ALEXANDER WEIR V (10) ("Defendant"), pursuant to Title 21, United States Code, Section 853(a)(1), as property obtained directly or indirectly as the result of the commission of the violations charged in the Superseding Information; and

  WHEREAS, on or about October 5, 2009, Defendant pled guilty to Count 1 of the Superseding Information, which plea included a consent to the forfeiture allegations of the Superseding Information and an agreement to entry of a $20,000 judgment against the Defendant in favor of the United States; and

  WHEREAS, all the assets pled to by Defendant were previously forfeited pursuant to the Preliminary and Amended Orders of Criminal Forfeiture as to co-defendant Daphne Rosalinda Jackson (4) ; and

//

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that **$20,000** (U.S. dollars) represents the the proceeds obtained as a result of the commission of the conspiracy to distribute cocaine base in the form of crack cocaine as charged in Count 1in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as charged in the Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount of **$20,000**, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the $**20,000** judgment and the offense; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant ALEXANDER WEIR V (10) shall forfeit to the United States the sum of **$20,000** pursuant to Title 21, United States Code, Section 853(a)(1); and

2. Judgment shall be entered in favor of the United State against Defendant ALEXANDER WEIR V (10) in the amount of $**20,000.00** with interest to accrue thereon in accordance with law; and

3. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment; and

4. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

//

//

//

5. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $20,000 to satisfy the money judgment in whole or in part; and

6. The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: March 11, 2010

_____
M. James Lorenz
United States District Court Judge