UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEXANDER WEIR, V (10),<br><br>    Defendant. | Case No. 08-CR-256-L<br><br>ORDER DENYING DEFENDANT'S MOTION TO AMEND THE JUDGMENT |

On April 14, 2011, Defendant Alexander Weir V, a federal inmate proceeding pro se, submitted a motion requesting an amended Judgment Order and extended term of supervised release. Defendant contends the Bureau of Prisons (BOP) has not complied with the Court's original Judgment, that ordered he serve the last year of his sentence at a residential drug treatment program. Federal Rule of Criminal Procedure 35(a) states "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The district court must correct a sentence within fourteen days after orally pronouncing it or else it loses jurisdiction to modify the sentence. *United States v. Penna*, 319 F.3d 509, 512 (9th Cir. 2003). Because this motion was filed nearly five months after the sentence was imposed, the Court now lacks authority to modify Defendant's sentence. Further, although the BOP must consider a Court's order that part of a defendant's sentence be served in an RRC, the BOP is not bound by such order. *See* 18 U.S.C. §§ 3621(b) ("Any order,

recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.") Accordingly, Defendant's Motion to Amend the Judgment is **DENIED**.

IT IS SO ORDERED.

DATED: April 21, 2011

_____
M. James Lorenz
United States District Court Judge